UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>FRANCISCO DURAN,  )<br>)<br>Defendant.  )<br>) | Criminal No. 94-0447 (PLF)<br>Civil Action No. 16-1323 (PLF) |

OPINION AND ORDER

Pending before the Court is defendant Francisco Martin Duran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Def. Mot.") [Dkt. No. 280], as amended by his Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 Based on Johnson and Davis ("Def. Supp.") [Dkt. No. 291]. Mr. Duran argues that his conviction under 18 U.S.C. § 924(c) is unconstitutional and must be vacated in light of the Supreme Court's rulings in Johnson v. United States ("Johnson"), 576 U.S. 591 (2015), and United States v. Davis ("Davis"), 588 U.S. 445 (2019). The United States opposes Mr. Duran's motion, arguing that his Section 924(c) conviction is constitutional under Johnson and Davis because all three predicate offenses underlying his conviction are crimes of violence. See United States' Opposition to Defendant's Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Govt. Opp.") [Dkt. No. 305], as amended by United States' Motion to Amend and Supplement Its Opposition to Defendant's Motion Under 28 U.S.C. § 2255. ("Govt. Supp. Opp.") [Dkt. No. 309]. Upon

careful consideration of the parties' papers, the overwhelming consensus of relevant legal authorities, and the entire record in this case, the Court will deny Mr. Duran's motion.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 1994, Mr. Duran stood outside the fence in front of the North Lawn of the White House and fired approximately 29 shots from an assault rifle at a civilian whom he believed to be then-President Bill Clinton. See Def. Supp. at 4. Four Secret Service agents ran toward Mr. Duran in an attempt to intervene. See Govt. Opp. at 2. Several bullets struck the North Façade of the White House, and one penetrated a window of the Press Briefing Room near the West Wing. Id. As Mr. Duran paused to reload his weapon, he was tackled by a tourist and further subdued by Secret Service agents. Id. No one was injured. Id.

On April 4, 1995, a jury found Mr. Duran guilty of ten separate offenses: one count of attempted murder of the President of the United States in violation of 18 U.S.C. § 1751(c) (Count One); four counts of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts Two through Five); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Counts Six and Seven); one count of injury and depredation against property of the United States in violation of 18 U.S.C. § 1361 (Count Eight); one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Nine); and one count of interstate transportation of a firearm in violation of 18 U.S.C. § 924(b) (Count Ten). See Verdict Form [Dkt. No. 126]; see also Govt. Opp. at

---

[1] In addition to those named above, the Court reviewed the following filings in consideration of this motion: Government's Motion for Leave to File Under Seal Exhibit to Government's Opposition to Defendant's Motion to Vacate Under 28 U.S.C. § 2255 ("Govt. Exhibit") [Dkt. No. 306]; Reply in Support of Supplemental § 2255 Motion ("Def. Rep.") [Dkt. No. 310]; Notice of Projected Release Date [Dkt. No. 312]; Supplement to § 2255 Motion ("Def. 2nd Supp.") [Dkt. No. 313].

Ex. 3.  Regarding Count Nine, the jury unanimously found that Mr. Duran used or carried a firearm in regard to the following predicate crimes—the attempt to kill the president (Count One), the assaults on the four federal officers (Counts Two through Five), and the injury and depredation against United States property (Count Eight).  See Verdict Form at 6-7.

On June 30, 1995, the Court sentenced Mr. Duran to an aggregate term of 480 months in prison: 360 months for Count One; 120 months for Counts Two, Three, Four, Five, Six, Seven, Eight, and Ten; and 120 months for Count Nine.  See Judgment [Dkt. No. 248]; see also Govt. Opp. at Ex. 4.  The Court ordered that all sentences would run concurrently, with the exception of Count Nine—the Section 924(c) sentence—which is required by statute to run consecutively.  See Judgment at 2; see also 18 U.S.C. §§ 924(c)(1)(D)(ii).  Mr. Duran is currently projected to be released from the Federal Bureau of Prisons on February 3, 2029.  See Notice of Projected Release Date [Dkt. No. 312] at 1.

On June 25, 2016, Mr. Duran filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging his Section 924(c) conviction based on Johnson v. United States, 576 U.S. 591 (2015).  See Def. Mot.  Several years later, after the Supreme Court's decision in United States v. Davis, 588 U.S. 445 (2019), Mr. Duran supplemented his Section 2255 motion.  See Def. Supp.  In that motion, he argued in greater detail that the predicate offenses for his Section 924(c) conviction—attempted murder of the president, forcible assault on federal officers, and depredation of government property—do not qualify as crimes of violence under Johnson and Davis.  See id. at 4.  The parties have fully briefed the issue, and Mr. Duran's Section 2255 motion is now ripe for decision.

## II.  LEGAL STANDARD

A federal prisoner may move to vacate, set aside, or correct a sentence if he believes that the sentence was imposed, among other things, "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  As the movant, Mr. Duran "bears the burden of establishing a denial of constitutional rights by a preponderance of the evidence." United States v. Clark, 382 F. Supp. 3d 1, 27 (D.D.C. 2019) (citing Daniels v. United States, 532 U.S. 374, 381-82 (2001)).  Upon determining that a sentence has been imposed unlawfully, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." United States v. Cross, 256 F. Supp. 3d 46, 47 (D.D.C. 2017) (quoting 28 U.S.C. § 2255(b)); see also United States v. Palmer, 854 F.3d 39, 49 (D.C. Cir. 2017).

Section 924(c)(1)(A) imposes mandatory minimum sentences on defendants convicted of using, carrying, or possessing a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A); see also United States v. Mejia, 502 F. Supp. 3d 387, 390 (D.D.C. 2020) ("[A] defendant commits a § 924(c)(1) offense when he commits some other crime (the 'predicate crime') and, while doing so, possesses a firearm."). "Sentences under Section 924(c) may not run concurrently with any other sentence, including that of the underlying crime of violence or drug trafficking crime." United States v. Smith, 104 F.4th 314, 318 (D.C. Cir. 2024).  As defined by statute, a "crime of violence" is a felony offense:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4

18 U.S.C. § 924(c)(3). "The first clause is known as the elements clause; the second is known as the residual clause." St. Hubert v. United States, 140 S. Ct. 1727, 1728 n.2 (2020) (Sotomayor, J., respecting the denial of certiorari). In 2019, the Supreme Court found the residual clause, 18 U.S.C. § 924(c)(3)(B), unconstitutionally vague. United States v. Davis, 588 U.S. at 470. As a result, a crime can only qualify as a "crime of violence" if it satisfies Section 924(c)(3)'s elements clause by including, as an element, the actual, attempted, or threatened use of physical force. See United States v. Smith, 104 F.4th at 318.

To determine whether an underlying crime satisfies Section 924(c)(3)'s elements clause, courts must employ a "categorical approach." See United States v. Smith, 104 F.4th at 319; see also United States v. Abu Khatallah, 316 F. Supp. 3d 207, 212 (D.D.C. 2018). Under this approach, courts "[ignore] the particular facts of the case" and instead focus solely on whether the elements of the crime of conviction necessarily involve the use, attempted use, or threatened use of physical force as defined in Section 924(c)(3)(A). Mathis v. United States, 579 U.S. 500, 504 (2016); see also United States v. Smith, 104 F.4th at 319; United States v. Alazo, Criminal No. 20-0131 (ABJ), 2023 WL 8648827, at *4 (D.D.C. Dec. 14, 2023); United States v. Kennedy, 133 F.3d 53, 56 (D.C. Cir. 1998) ("A 'crime of violence' . . . [is] ordinarily designated as such by looking to the statutory definition of the crime, rather than the evidence presented to prove it."). This is because Section 924(c)(3)'s elements clause focuses on the legal "elements" of the underlying crime, not an individual's conduct in committing the crime. See United States v. Smith, 104 F.4th at 319; United States v. Taylor, 596 U.S. 845, 850 (2022) (Section 924(c)(3)'s elements clause "precludes . . . an inquiry into how any particular defendant may commit the crime."). Specifically, courts must presume that the defendant's conviction "'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine

5

whether even those acts are encompassed by the generic federal offense." Moncrieffe v. Holder, 569 U.S. 184, 191 (2013) (quoting Johnson v. United States, 559 U.S. 133, 137 (2010)). If the least culpable conduct criminalized under the relevant statute satisfies Section 924(c)(3)'s elements clause, then the defendant's conviction is a crime of violence. See United States v. Clark, Criminal No. 10-0133 (PLF), 2024 WL 4263866, at *3 (D.D.C. Sept. 23, 2024).

Courts apply the categorical approach "when the crime of which the defendant was convicted has a single, indivisible set of elements." See Descamps v. United States, 570 U.S. 254, 258 (2013) (emphasis added). But if the statute at issue is "divisible"—that is, if it defines multiple different crimes—then courts apply a "modified categorical approach." See Mathis v. United States, 579 U.S. at 505 (explaining that a statute that lists elements in the alternative "define[s] multiple crimes"); Descamps v. United States, 570 U.S. at 262 (explaining that the modified categorical approach is merely a "tool" that allows a court to "[implement] the categorical approach" when considering a divisible statute, rather than "an exception" to the categorical approach). Under the modified categorical approach, courts look beyond the statute to "a limited class of documents," such as "the indictment, jury instructions, or plea agreement and colloquy" between the judge and the defendant, to determine what crime, with what elements, the defendant was convicted of. Mathis v. United States, 579 U.S. at 505-06; see also United States v. Redrick, 841 F.3d 478, 482 (D.C. Cir. 2016); United States v. Alazo, 2023 WL 8648827, at *4.

### III. PROCEDURAL BARS

The government argues that Mr. Duran's claim challenging his Section 924(c) conviction is procedurally barred because he failed to raise the issue on direct appeal and has failed to demonstrate cause or prejudice to excuse the default. Govt. Opp. at 6-7.

A defendant generally must bring a challenge to his conviction or sentencing on direct appeal and may do so on collateral attack only if he shows cause for his failure to do so and prejudice as a result of his failure.  See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Hicks, 911 F.3d 623, 627 (D.C. Cir. 2018).  To demonstrate cause, a defendant must show "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim."  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) (internal citation omitted).  Cause may be established where a claim was "so novel that its legal basis [was] not reasonably available to counsel" at the time of appeal.  Bousley v. United States, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  To demonstrate prejudice, a petitioner "must at least demonstrate that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'"  United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quoting United States v. Dale, 140 F.3d 1054, 1056 n.3 (D.C. Cir. 1998)) (emphasis and alterations in original).

The Court now joins the "unanimous chorus of decisions" in this district rejecting the government's repeated attempts to foreclose through procedural default habeas motions seeking the benefit of Johnson and Davis.  United States v. Ortega-Hernandez, Criminal No. 12-0014 (APM), 2023 WL 4419770, at *3 (D.D.C. July 10, 2023); see also United States v. Mejia, 657 F. Supp. 3d 123, 132-33 (D.D.C. 2023); United States v. Hammond, 354 F. Supp. 3d 28, 43 (D.D.C. 2018); United States v. Booker, 240 F. Supp. 3d 164, 170 (D.D.C. 2017); United States v. West, 314 F. Supp. 3d 223, 229 n.4 (D.D.C. 2018); United States v. Taylor, 272 F. Supp. 3d 127, 135-36 (D.D.C. 2017).  Mr. Duran did not have a "reasonable basis" upon which to challenge the constitutionality of his conviction until the Supreme Court announced its new rule in Johnson.  United States v. Booker, 240 F. Supp. 3d at 170 (quoting United States v.

7

Sabetta, 221 F. Supp. 3d 210, 225-27 (D.R.I. 2016)).  Upon filing his direct appeal in 1995, Mr. Duran could not have foreseen the tidal shift brought about by Johnson and Davis, and cause to excuse his procedural default therefore is easily established.  See United States v. Redrick, 841 F.3d at 480 (observing that "no one—the government, the judge, or the appellant—could reasonably have anticipated Johnson").

Here, the prejudice and merits inquiries merge.  If Mr. Duran is correct that his Section 924(c) conviction is unconstitutional, then he plainly establishes prejudice because his 10-year consecutive sentence must be vacated.  See United States v. McKie, 73 F.3d 1149, 1154 (D.C. Cir. 1996) (recognizing that a defendant bringing a claim under Section 2255 suffers prejudice when, in light of new case law, he "would have been sentenced to prison for . . . less than the imposed sentence.").  On the other hand, if Mr. Duran fails on the merits, then he has suffered no actual prejudice.  Accordingly, the Court now turns to the merits.  See United States v. Cooper, 610 F. Supp. 3d 184, 193 (D.D.C. 2022) ("[T]o determine if there is prejudice, the Court must determine if any of defendant's convictions under section 924(c) are invalid.").[2]

## IV. DISCUSSION

To succeed on the merits of the claims in his Johnson and Davis-based Section 2255 motion, Mr. Duran must demonstrate that none of the three predicate offenses subjecting him to an enhanced sentence qualifies as a crime of violence under Section 924(c)(3)'s elements clause.  The Court finds that one of Mr. Duran's predicate offenses is a crime of violence under Section 924(c)(3): forcible assault on a federal officer under 18

---

[2] Motions under Section 2255 are also subject to a one-year limitations period starting on "the date on which the right asserted was originally recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review."  28 U.S.C. § 2255(f)(3).  There is no dispute between the parties as to the timeliness of Mr. Duran's motion.

U.S.C. § 111(b). The Court need not decide whether 18 U.S.C. §§ 1361, 1751(c) are crimes of violence because one qualifying predicate offense is sufficient to sustain Mr. Duran's Section 924(c) conviction. See United States v. Alazo, 2023 WL 8648827, at *4 (finding only one qualifying predicate offense sufficient to sustain a Section 924(c) conviction); see also United States v. Said, 26 F.4th 653, 659 (4th Cir. 2022) (finding that courts may uphold a Section 924(c) conviction "even if the jury based its verdict on an invalid predicate, so long as the jury also relied on a valid predicate.").

### A. 18 U.S.C. §§ 111(a) and (b): Assault on a Federal Officer

Mr. Duran was convicted under 18 U.S.C. §§ 111(a)(1) and (b). See Verdict Form at 2-4. Section 111 reads in relevant part as follows:

> (a) In general. Whoever—
>
>> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated [as a federal officer] while engaged in or on account of the performance of official duties . . .
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
> (b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111. When a single statute lists multiple components, the Court must determine whether the components are "elements" defining multiple crimes in the alternative, or whether they are different "means" of committing a single crime. See Mathis v. United States, 579 U.S.

9

at 505. A divisible statute has different elements defining multiple crimes in the alternative. In such a case, the Court applies the modified categorical approach, discussed supra at 5-6. The government argues that Section 111 is a divisible statute that enumerates multiple crimes, and therefore the Court must apply the modified categorical approach. See Govt. Opp. at 23. Mr. Duran does not cite any contrary precedent and does not attempt to dispute this point.

The Court finds that Section 111 is divisible. Three distinct offenses are established in Section 111(a): a misdemeanor offense where a person's criminal conduct "constitute[s] only simple assault"; a felony offense "involv[ing] physical contact with the victim of that assault" (the "physical-contact" offense); and a felony offense committed "with the intent to commit another felony" (the "other-felony" offense). 18 U.S.C. § 111(a); see also United States v. Warnagiris, 699 F. Supp. 3d 31, 45 (D.D.C. 2023). The "enhanced penalty" provision found in Section 111(b) establishes another distinct offense: an "aggravated felony" that is committed by violations of Section 111(a) that either involve the "use [of] a deadly or dangerous weapon" or "inflict bodily injury." 18 U.S.C. § 111(b); see also United States v. Cua, 657 F. Supp. 3d 106, 115 (D.D.C. 2023) ("[Section 111] first asks whether the defendant committed one of the listed acts [in Section 111(a)] and then defines the appropriate penalty based on the nature and gravity of that act." (internal quotations and alterations omitted)).

Each statutory alternative within Section 111 also carries a different punishment: if the defendant's acts "constitute only simple assault," he will be "imprisoned not more than one year." 18 U.S.C. § 111(a). If the defendant's acts "involve physical contact with the victim of the assault or the intent to commit another felony," the defendant will be "imprisoned not more than 8 years." Id. And if the defendant "uses a deadly or dangerous weapon . . . or inflicts bodily injury," he will be "imprisoned not more than 20 years." 18 U.S.C. § 111(b). As the D.C.

10

Circuit has held, "statutory alternatives carrying different punishments must be elements of a divisible statute." United States v. Burwell, 122 F.4th 984, 990 (D.C. Cir. 2024). Section 111 is a divisible statute. See United States v. Klein, 533 F. Supp. 3d 1, 9 (D.D.C. 2021) (concluding that Section 111 is divisible); United States v. Sabol, 534 F. Supp. 3d 58, 68 (D.D.C. 2021) (describing Section 111 as constituting multiple "elements" and "offenses" that each carry different punishments); United States v. Bullock, 970 F.3d 210, 214 (3d Cir. 2020) (collecting circuit court cases concluding that Section 111 is a divisible statute).

Having established that Section 111 is divisible, the Court normally would apply the modified categorical approach to determine which of the statute's alternative elements, Section 111(a) or Section 111(b), Mr. Duran contravened. See Descamps v. United States, 570 U.S. at 257 (concluding that courts may apply the modified categorical approach when a defendant was convicted of violating a divisible statute). It is undisputed, however, that Mr. Duran was charged and convicted of violating both Section 111(a) and Section 111(b). See Def. Supp. at 5; Govt. Opp. at 3, 24. And because a violation of Section 111(b) "requires more violent conduct than a violation of § 111(a)(1) alone," the Court will "focus on whether § 111(b) is a crime of violence." See United States v. Klein, 533 F. Supp. 3d at 10 (quoting Gray v. United States, 980 F.3d 264, 266 (2d Cir. 2020)).

Every circuit court to have considered the issue, including the D.C. Circuit in an unpublished opinion, has held that Section 111(b) is categorically a crime of violence.[3] There is

---

[3] See United States v. Taylor, 848 F.3d 476, 494 (1st Cir. 2017); Gray v. United States, 980 F.3d 264, 267-69 (2d Cir. 2020) (per curiam); United States v. Bullock, 970 F.3d 210, 215-16 (3d Cir. 2020); United States v. McDaniel, 85 F.4th 176, 188 (4th Cir. 2023); United States v. Hernandez-Hernandez, 817 F.3d 207, 216-17 (5th Cir. 2016); United States v. Rafidi, 829 F.3d 437, 446 (6th Cir. 2016); United States v. Medearis, 65 F.4th 981, 987 (8th Cir. 2023); United States v. Juvenile Female, 566 F.3d 943, 947 (9th Cir. 2009); United States v. Kendall, 876 F.3d 1264, 1271 (10th Cir. 2017); United States v. Bates, 960

no contrary authority.  Mr. Duran acknowledges this overwhelming legal consensus, but he argues that these holdings are "no longer persuasive" following the Supreme Court's decision in Borden v. United States ("Borden"), 593 U.S. 420 (2021).  See Def. Supp. at 26.  Mr. Duran leverages Borden to argue that because Section 111 can be satisfied by reckless conduct, it does not qualify as a crime of violence.  Id. at 27-30.[4]  He hypothesizes, for instance, that a defendant who "intentionally drives his car to escape from officers beginning to surround his vehicle, consciously disregarding the substantial risk that he could hit one of them while doing so, [] would have intentionally resisted or impeded arrest, in violation of § 111(a), and used his car in a manner capable of causing injury or death, in violation of § 111(b)."  Id; see also id. at 29.[5]

Mr. Duran's reliance on Borden is misplaced.  In Borden, the Supreme Court held that an offense that can be committed recklessly does not categorically constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B).  Borden, 593 U.S. at 429.  At least seven circuit courts, including the D.C. Circuit, have held that Borden's "more

---

F.3d 1278, 1287 (11th Cir. 2020); United States v. Quaglin, 851 Fed. Appx. 218, 218 (D.C. Cir. 2021) (unpublished).

[4]  Mr. Duran proffers several bases for his belief that Section 111(b) requires only a reckless mens rea.  First, he notes that the D.C. Circuit interpreted Section 111 to be a "general intent crime," see United States v. Kleinbart, 27 F.3d 586, 592 (D.C. Cir. 1994), and "general intent 'usually takes the form of recklessness.'"  Def. Supp. at 28 (quoting General Intent, BLACK'S LAW DICTIONARY (11th ed. 2019)).  Next, he argues that absent an explicit intent requirement for Section 111(b), the Model Penal Code would suggest recklessness is sufficient.  See Def. Supp. at 30.  Lastly, he argues that Section 111 was intended to afford broad protections to federal officers and functions, therefore, construing Section 111 to require knowing or intentional conduct would contravene "the congressional purpose of according maximum protection to federal officers."  Id. (quoting United States v. Feola, 420 U.S. 671, 684 (1975)).

[5]  Mr. Duran's reckless driver example gets him nowhere, as the Supreme Court in Borden carefully distinguished the "reckless" driver from the driver who "consciously deploy[s] the full force of an automobile at another person."  See Borden v. United States, 593 U.S. at 429-30.

12

than recklessness" requirement applies to convictions under Section 924(c) as well.[6] But contrary to Mr. Duran's assertions, both the Supreme Court and the D.C. Circuit have held that violating Section 111(b) requires more than a reckless mens rea. In United States v. Feola, 420 U.S. 671 (1975), the Supreme Court recognized that Section 111 requires "an intent to assault." Id. at 684 (emphasis added). Then, in United States v. Arrington ("Arrington"), 309 F.3d 40 (D.C. Cir. 2002), the D.C. Circuit held that Section 111(b) specifically is not "bereft of a mens rea requirement." Id. at 46. Rather, a conviction under Section 111(b) requires that the jury find "that [the defendant] forcibly assaulted (or forcibly resisted, etc.) a federal officer, that he did so intentionally, that he used a dangerous weapon in the commission of that act, and that he used the weapon intentionally." Id. (emphasis added). The D.C. Circuit affirmed Arrington's Section 111(b) conviction because, as is the case here, the defendant had an intent to assault and knew "from the very outset that his planned course of conduct [was] wrongful," a state of mind that aligns seamlessly with the Supreme Court's definition of "knowing" conduct in Borden. See Arrington, 309 F.3d at 49; see also Borden, 593 U.S. at 426 ("[a defendant] acts knowingly when he is aware that a result is practically certain to follow from his conduct, whatever his affirmative desire." (quoting United States v. Bailey, 444 U.S. 394, 404 (1980)) (internal quotation marks and alterations omitted)).

Consistent with its decision in Arrington, the D.C. Circuit in an unpublished opinion held that Section 111(b) is "categorically a crime of violence" for purposes of pretrial detention eligibility under 18 U.S.C. § 3142(f)(1) and 18 U.S.C. § 3156(a)(4)(A). United

---

[6] See United States v. Jordan, 96 F.4th 584, 589 (3d Cir. 2024); United States v. Manley, 52 F.4th 143, 147 (4th Cir. 2022); United States v. States, 72 F.4th 778, 791 n.11 (7th Cir. 2023); Janis v. United States, 73 F.4th 628, 630-631 (8th Cir. 2023); United States v. Begay, 33 F.4th 1081, 1092-1093 (9th Cir. 2022); United States v. Kepler, 74 F.4th 1292, 1303-1304 (10th Cir. 2023); Alvarado-Linares v. United States, 44 F.4th 1334, 1344 (11th Cir. 2022); United States v. Smith, 104 F.4th at 327.

States v. Quaglin ("Quaglin"), 851 Fed. Appx. 218, 218 (D.C. Cir. 2021). Section 3156(a)(4)(A) and Section 924(c) have identical definitions of a "crime of violence": "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another."[7] 18 U.S.C. § 3156(a)(4)(A). Post-Borden, judges in this district continue to rely on Quaglin to find that Section 111(b) is categorically a crime of violence.[8] The D.C. Circuit has had four opportunities post-Borden to change course on whether Section 111(b) is a crime of violence, but the Circuit affirmed the district court's findings at every turn.[9]

In addition, at least five other circuits have addressed the mens rea element of Section 111(b) and have held that it requires an intentional act. See, e.g., United States v. McDaniel, 85 F.4th 176, 187 (4th Cir. 2023) ("[W]e are satisfied that § 111(b) could not be violated recklessly, and [defendant's] reliance on Borden must be rejected."); United States v. Newman, Criminal No. 23-3120 (MBB), 2023 WL 8520092, at *3 (10th Cir. Dec. 8, 2023), cert.

---

[7] Mr. Duran subtly attempts to distinguish Section 3156(a)(4)(A) and Section 924(c) by noting that courts only use Section 3156(a)(4)(A)'s "crime of violence" test to determine whether a defendant is eligible for pretrial detention, not whether they are "subject to serious mandatory penalties" under Section 924(c). See Def. Rep. at 34 n.16. By implication, Mr. Duran asks the Court to hold that it is more difficult to satisfy Section 924(c)'s definition of a "crime of violence" than it is to satisfy Section 3156(a)(4)(A)'s identical definition of a "crime of violence." Mr. Duran does not, however, cite supporting case law for this theory, and thus the Court will not make that logical leap.

[8] See e.g., United States v. Sills, Criminal No. 21-00040-6 (TNM), 2024 WL 4957430, at *3 (D.D.C. Dec. 3, 2024); United States v. Todd, Criminal No. 22-166 (BAH), 2024 WL 3566223, at *2 (D.D.C. July 29, 2024); United States v. Krol, 642 F. Supp. 3d 28, 36 (D.D.C. 2022).

[9] See United States v. Fitzsimons, Criminal No. 21-158 (RC), 2021 WL 4355411, at *3 (D.D.C. Sept. 24, 2021), aff'd, Criminal No. 21-3069, 2021 WL 6102443, at *1 (D.C. Cir. Dec. 17, 2021) (per curiam); United States v. Brown, Criminal No. 21-565 (ZMF), 2021 WL 4033079, at *3 (D.D.C. Sept. 3, 2021), aff'd, Criminal No. 21-3063, 2021 WL 5537705, at *1 (D.C. Cir. Nov. 17, 2021) (per curiam); United States v. Gieswein, Criminal No. 21-24 (EGS), 2021 WL 3168148, at *8 (D.D.C. July 27, 2021), aff'd, Criminal No. 21-3052, 2021 WL 5263635, at *1 (D.C. Cir. Oct. 19, 2021) (per curiam).

denied, 145 S. Ct. 163 (2024) ("[A]s 18 U.S.C. § 111(b) requires a more culpable mens rea than mere recklessness it satisfies Borden's definition of a crime of violence."); United States v. Medearis, 65 F.4th 981, 987 (8th Cir. 2023) (rejecting defendant's reliance on Borden because "[a] defendant must intentionally assault someone under [Section] 111."); United States v. Taylor, 848 F.3d 476, 494, n.7 (1st Cir. 2017) ("[T]he only authorities we have found indicate that [Section 111] and [Section 111(b)] require an intentional act, not merely a reckless or accidental one." (citing Arrington, 309 F.3d at 44)); United States v. Acosta-Sierra, 690 F.3d 1111, 1123 (9th Cir. 2012) (finding that Section 111(b) requires the government to prove that the defendant "intentionally used force" against a federal officer because Section 111 requires an "intent to assault."). Because "an 'intentional' mens rea does not include reckless conduct," United States v. Smith, 104 F.4th at 328 (citing Borden, 593 U.S. at 438), Section 111(b) requires more than a reckless mens rea and thus is a qualifying "crime of violence" under Section 924(c)(3). Consequently, Mr. Duran's Section 924(c) conviction remains valid, and the Court will deny his motion to vacate his conviction and sentence pursuant to Section 2255. Accordingly, it is hereby

ORDERED that defendant Francisco Martin Duran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. No. 280], as amended by his Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 Based on Johnson and Davis [Dkt. No. 291], is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 4/11/25

15